

Brookfield Place, 200 Vesey Street, 20th Floor
New York, NY 10281
Telephone:  212-415-8600
Fax:  212-303-2754
www.lockelord.com

Samantha Ingram
Direct Telephone:  646-217-7530
Direct Fax:  646-619-4102
singram@lockelord.com

June 16, 2017

<u>BY ECF</u>
Hon. William H. Pauley III
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    <u>*Horton v. Farmers Insurance Exchange, et al.*</u>, Case No. 17-00894

Dear Judge Pauley:

We represent the named defendants in the above-referenced action (collectively "Defendants") and write to request a pre-motion conference in anticipation of Defendants' partial motion to dismiss.[1]

Plaintiff filed a Class Action Complaint (the "Complaint") with this Court on February 7, 2017. Plaintiff's Complaint asserts two causes of action: breach of contract and defamation *per se*. Plaintiff seeks declaratory and injunctive relief under 28 U.S.C. § 2201, *et seq.* and compensatory, actual, consequential, and punitive damages on behalf of Plaintiff and all others similarly situated.   Plaintiff Shanelle N. Horton's claim for defamation should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.   Plaintiff alleges that Defendants made purportedly defamatory statements in a Termination Letter provided to her during a February 3, 2017 meeting.  (Compl. ¶¶ 74-82.)  The Termination Letter is attached as Exhibit G to Plaintiff's Complaint.  The Termination Letter was signed by Bina Maharaj, a representative of Defendants.   Chuck Whittington, another representative of Defendants, was also present at the meeting.  The Complaint does not allege any other defamatory statement or publication aside from the Termination Letter.

To establish a cause of action for defamation under Georgia law, a plaintiff must allege (1) a false and defamatory statement about him or herself; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special damages

---

[1]        Concurrent with the filing of this letter, Defendants are also filing a letter requesting a pre-motion conference in anticipation of Defendants' motion to transfer venue.

Hon. William H. Pauley III
June 16, 2017
Page **2** of **3**

or defamatory words irrespective of special harm.[2]  *Lewis v. Meredith Corp.*, 293 Ga. App. 747, 748, 667 S.E.2d 716, 718 (Ga. Ct. App. 2008).  In addition, "the defamatory statement must be published."  *Id.*

Plaintiff's cause of action for defamation must be dismissed. Her Complaint does not, and cannot, allege that the purportedly defamatory statements in the Termination Letter were published or communicated to a third party.   Although publication is typically achieved by communicating a defamatory statement to anyone other than the person being defamed, there is an exception to that broad rule that carves out "intra-corporate" communications between individuals who have a reason to receive the information, and any such statements do not constitute publication.  *Kurtz v. Williams*, 188 Ga. App. 14, 15, 371 S.E.2d 878, 880 (Ga. Ct. App. 1988) (collecting cases); *see also Saye v. Deloitte & Touche, LLP*, 295 Ga. App. 128, 133, 670 S.E.2d 818, 823 (Ga. Ct. App. 2008); *Freeman v. Piedmont Hosp.*, 209 Ga. App. 845, 847-48, 434 S.E.2d 764 (Ga. Ct. App. 1993), *rev'd on other grounds*, 264 Ga. 343, 444 S.E.2d 796 (Ga 1994); *Kitchen Hardware, Ltd. v. Kuehne & Nagel, Inc.*, 205 Ga. App. 94, 96, 421 S.E.2d 550, 553 (Ga. Ct. App. 1992); *H&R Block E. Enterprises, Inc. v. Morris*, 606 F.3d 1285, 1296 (11th Cir. 2010).  The rationale behind this rule is that communications between members of a single company or entity "are the legal equivalent of speaking only to one's self," so no publication has actually occurred.  *Kurtz*, 188 Ga. App. at 15, 371 S.E.2d at 880.

Plaintiff's defamation claim is based on the allegation that Defendants disseminated information about her in the Termination Letter, including false statements about embezzlement, conversion, misappropriation and theft, to third parties.  (Compl. ¶¶ 2, 82, 85, 133-134.)  The Termination Letter was signed by Bina Maharaj, Defendants' "authorized representative," given to Plaintiff during a face-to-face meeting and was addressed to Plaintiff at her home address.  (Compl. ¶¶ 74-76, Ex. G.)  The only other party at the meeting was Mr. Whittinton.  (Compl. ¶¶ 77-78.)   The face of the Termination Letter also indicates that it was copied to "Contract File – 44-11-G1".  (Compl. ¶ 91, Ex. G.)  "41-11-G1" was Plaintiff's agent number, so the Termination Letter reflects that a copy was placed in her Contract File.  (*See* Compl. Ex. G) (reflecting Primary agent number:  State: 44, District: 11, and Agent: G1).  Plaintiff's Complaint does not allege any other purportedly defamatory statements or publication.

Since the purportedly "false statements" about Plaintiff were only included in a letter from Defendants to Plaintiff, the statements were not published or communicated to a third party.  Mr. Whittington's presence at the meeting during which Plaintiff received the Termination Letter does not evidence publication since he too is a representative of Defendants.  Additionally, if the Termination Letter was sent intra-corporately to anyone else at the defendant-companies or filed in Defendants' records, this also does not constitute publication.  Plaintiff's defamation claim therefore fails and must be dismissed outright.

---

[2]     Georgia law governs Plaintiff's claims because the purported breach of contract and defamation occurred in Georgia.  Plaintiff, a citizen of Georgia, entered into an Agent Appointment Agreement with Defendants in Georgia pursuant to which she acted as an independent contractor insurance agent for Defendants in and around Atlanta, Georgia.  (Compl. ¶¶ 3, 54.)  Plaintiff alleges that two of Defendants' employees who work in Defendants' offices in Alpharetta, Georgia improperly terminated her contract and that defamatory statements were made by someone in Georgia to someone else in Georgia.

Hon. William H. Pauley III
June 16, 2017
Page **3** of **3**

In sum, Plaintiff's cause of action for defamation should be dismissed because she has failed to state a claim. Pursuant to the Your Honor's Individual Practices, Defendants respectfully request a pre-motion conference to discuss their partial motion to dismiss, or, in the interest of judicial efficiency, authorization from the Court for the parties to simply proceed with briefing on Defendants' motion without a conference.  Please let us know if you require any additional information.

Respectfully submitted,

LOCKE LORD LLP

*/s/ Samantha Ingram*

Samantha Ingram


cc:    Brian L. Ponder, Esq. (*by ECF*)

## <u>CERTIFICATE OF SERVICE</u>

I, SAMANTHA INGRAM, an attorney, hereby certify that on the 16th day of June, 2017, a true and correct copy of the foregoing *Letter* was served via ECF on all parties entitled to notice.

<u>*/s/ Samantha Ingram*</u>
Samantha Ingram