

Brookfield Place, 200 Vesey Street, 20th Floor
New York, NY 10281
Telephone:  212-415-8600
Fax:  212-303-2754
www.lockelord.com

Samantha Ingram
Direct Telephone:  646-217-7530
Direct Fax:  646-619-4102
singram@lockelord.com

June 16, 2017

BY ECF
Hon. William H. Pauley III
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Horton v. Farmers Insurance Exchange, et al.*, Case No. 17-00894

Dear Judge Pauley:

We represent the named defendants in the above-referenced action (collectively, the "Defendants") and write to request a pre-motion conference in anticipation of Defendants' motion to transfer venue.[1]

Plaintiff Shanelle N. Horton ("Plaintiff") filed a Class Action Complaint (the "Complaint") on February 7, 2017.  Plaintiff, a citizen of Georgia, brought this action against nine defendants: Farmers Insurance Exchange, Truck Insurance Exchange, Fire Insurance Exchange, Mid-Century Insurance Company, Farmers New World Life Insurance Company, Coast National Insurance Company, Foremost Insurance Company, Foremost Signature Insurance Company and Foremost Property and Casualty Insurance Company.  (Compl. ¶ 3.)  None of the Defendants are citizens of New York.  (*See* Compl. ¶¶ 4-39.)[2]

Plaintiff entered into an Agent Appointment Agreement with certain Defendants pursuant to which Plaintiff agreed to act as an independent contractor insurance agent for those Defendants in and around Atlanta, Georgia.  (Compl. ¶ 54.)  Plaintiff alleges that two of Defendants' employees who work in Defendants' offices in Alpharetta, Georgia improperly terminated her contract. (Compl. ¶ 74.)  Plaintiff alleges that the Termination Letter that was given to her at the meeting in Alpharetta contained defamatory statements abtou her. (Compl., ¶¶ 74-92.)  None of the allegations in the Complaint involve conduct that occurred in New York.  Plaintiff's Complaint

---

[1]     Concurrent with the filing of this letter, Defendants are also filing a letter requesting a pre-motion conference in anticipation of Defendants' motion to dismiss.

[2]     Farmers New World Life Insurance Company and Coast National Insurance Company are not licensed to do business in New York.  While the remaining Defendants are licensed to do business in New York, Plaintiff was not appointed by any of these companies to sell insurance in New York.  Plaintiff does not allege that she was licensed to sell insurance in the state of New York.

Hon. William H. Pauley III
June 16, 2017
Page **2** of **3**

seeks declaratory and injunctive relief under 28 U.S.C. § 2201, *et seq.* and damages for defamation *per se* and breach of contract. (Compl. ¶ 1.)

Defendants request the Court's permission to file a motion to transfer venue to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought…." 28 U.S.C. § 1404(a). "[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." *Solar v. Annetts*, 707 F. Supp. 2d 437, 441 (S.D.N.Y. 2010) (Pauley, J.) (quoting *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992)). In assessing whether a transfer of venue is proper, courts assess "(1) whether the action could have been brought in the proposed transferee forum; and (2) whether the transfer would promote the convenience of parties and witnesses and would be in the interests of justice." *Blum v. Salomon*, No. 06 CV 3149 WHP, 2006 WL 3851157, at *3 (S.D.N.Y. Dec. 28, 2006) (Pauley, J.) (internal citations omitted).

As for the first prong, Plaintiff could have properly filed this action in the Northern District of Georgia because Plaintiff resides there and a "substantial part of the events or omissions giving rise to the claim[s] occurred" there. *See* 28 U.S.C § 1391(b)(2). All of the Defendants do business in Georgia and entered into a contract with Plaintiff in Georgia. Plaintiff's claims focus upon her commercial relationship with Defendants and Defendants termination of Plaintiff's contract. Plaintiff lived in the Northern District of Georgia, operated her agency there and was ultimately terminated by Defendants there.

As for the second prong, "courts weigh the following factors: (1) the convenience of the witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight to be accord[ed] a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice." *Solar*, 707 F. Supp. 2d at 442 (internal citations omitted). The vast majority of these factors weigh in favor of transferring venue to the Northern District of Georgia. Plaintiff is a citizen of Georgia and resides in Atlanta. Plaintiff's insurance agency is located in Smyrna, Georgia, a suburb of Atlanta. The events alleged in the Complaint occurred in the Northern District of Georgia (*i.e.*, Plaintiff worked as an insurance agent in Georgia and was terminated in Georgia). (*See, e.g.*, Compl. ¶ 3, 74, Ex. A.) Notably, all but one or two of the witnesses who have information relevant to this case are located in the Atlanta area and the Northern District of Georgia would be a convenient venue for all parties. *See Solar*, 707 F. Supp. 2d at 442 ("The convenience of the parties and non-party witnesses is generally viewed as the most important factor, as it is specifically enumerated in the venue transfer statute."). Additionally, as for "the locus of the operative facts" – "the site of events from which the claim arises" – the acts for which Plaintiff alleges Defendants are liable occurred in the Northern District of Georgia. *Blum*, 2006 WL 3851157, at *4. The case will be

Hon. William H. Pauley III
June 16, 2017
Page **3** of **3**

determined under Georgia law, with which courts in the Northern District of Georgia are assuredly familiar.[3]

In fact, the only real connection between this lawsuit and this district is that Plaintiff's attorney's office is located in New York City and Plaintiff's attorney is admitted to practice before the bar of New York and this Court.  Where, as here, the only factor weighing against transfer is a plaintiff's choice of venue, "[t]hat is insufficient to keep the action before this Court when the remaining factors support a transfer." *Blum*, 2006 WL 3851157, at *5; *see also Solar*, 707 F. Supp. 2d at 443.

In sum, since a substantial part, if not all, of the events giving rise to Plaintiff's claims occurred in the Northern District of Georgia, none of the events occurred in New York, and an assessment of the relevant factors weighs heavily in favor of transfer, this case should be transferred to the Northern District of Georgia.  Pursuant to Your Honor's Individual Practices, Defendants respectfully request a pre-motion conference to discuss the motion to transfer, or in the interest of judicial efficiency, authorization from the Court to simply proceed with briefing on Defendants' motion without a conference.  Please let us know if you require any additional information.

                Respectfully submitted,

                LOCKE LORD LLP

                */s/ Samantha Ingram*

                Samantha Ingram

cc:    Brian L. Ponder, Esq. (*by ECF*)

---

[3] Georgia law governs Plaintiff's claims because the purported breach of contract and defamation occurred in Georgia.  Plaintiff, a citizen of Georgia, entered into an Agent Appointment Agreement with certain Defendants in Georgia pursuant to which she acted as an independent contractor insurance agent for those Defendants in and around Atlanta, Georgia. (Compl. ¶¶ 3, 54.)  Plaintiff alleges that two of Defendants' employees who work in Defendants' offices in Alpharetta, Georgia improperly terminated her contract and that defamatory statements were made by someone in Georgia to someone else in Georgia.

## **CERTIFICATE OF SERVICE**

      I, SAMANTHA INGRAM, an attorney, hereby certify that on the 16th day of June, 2017, a true and correct copy of the foregoing *Letter* was served via ECF on all parties entitled to notice.

                                      */s/ Samantha Ingram*
                                      Samantha Ingram