UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHANELLE N. HORTON, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br><br>v.<br><br>FARMERS INSURANCE EXCHANGE,<br>TRUCK INSURANCE EXCHANGE,<br>FIRE INSURANCE EXCHANGE,<br>MID-CENTURY INSURANCE COMPANY,<br>FARMERS NEW WORLD LIFE<br>INSURANCE COMPANY, COAST<br>NATIONAL INSURANCE COMPANY,<br>FOREMOST INSURANCE COMPANY,<br>FOREMOST SIGNATURE INSURANCE<br>COMPANY, and FOREMOST PROPERTY<br>AND CASUALTY INSURANCE COMPANY,<br><br>                      Defendants. | Case No. 1:17-cv-00894 |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION FOR COSTS AND FEES

LOCKE LORD LLP
Randall A. Hack
111 South Wacker Drive
Chicago, Illinois 60606
312-443-0700
rhack@lockelord.com

Samantha Ingram
Brookfield Place
200 Vesey Street, 20th Floor
New York, NY  10281
212-415-8600
singram@lockelord.com

*Attorneys for Defendants*

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................1
BACKGROUND FACTS ...........................................................................................................1
ARGUMENT................................................................................................................................5
CONCLUSION............................................................................................................................7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bouveng v. NYG Capital LLC*,
   No. 14CV5474PGGJLC, 2017 WL 6210853 (S.D.N.Y. Dec. 7, 2017) ................................... 5

*Mordechai v. St. Luke's–Roosevelt Hospital Center*,
   No. 99–CV–3000, 2001 WL 699062 (S.D.N.Y. June 20, 2001) ......................................... 5, 6

*Sosinsky v. Chase Manhattan Bank*,
   No. 99–CV–43, 1999 WL 675999 (S.D.N.Y. Aug. 31, 1999) ................................................ 5

*Supe v. Canon USA*,
   No. CV 11-3827 ADS AKT, 2012 WL 1898936 (E.D.N.Y. May 24, 2012) ....................... 5, 6

**Rules**

Fed. R. Civ. P. 16 ................................................................................................................... 1, 5, 6

Defendants Farmers Insurance Exchange, Coast National Insurance Company, Farmers New World Life Insurance Company, Fire Insurance Exchange, Foremost Insurance Company, Foremost Property and Casualty Insurance Company, Foremost Signature Insurance Company, Mid-Century Insurance Company and Truck Insurance Exchange (collectively, "Defendants"), by and through their attorneys, Locke Lord LLP, submit this Memorandum of Law in support of their motion for fees and costs pursuant to Federal Rule of Civil Procedure 16(f), together with the Attorney Declaration of Randall A. Hack in Support Thereof, dated December 15, 2017, and the Declaration of Anne Wright in Support Thereof, dated December 15, 2017.

## PRELIMINARY STATEMENT

Pursuant to the Court's invitation to entertain this motion, Defendants respectfully request an award of $14,893.69 to cover the total costs and fees that undersigned counsel and Defendants' client representative expended in preparing for and attending the October 11, 2017 settlement conference, at which both Plaintiff and her counsel failed to appear. Although Defendants spent significant time and money preparing for the conference, they have limited their request herein to the amounts expended in a brief two-day period: the day of the settlement conference and the immediately preceding day. Defendants' reasonable request should be granted in light of Plaintiff's disregard for the Court's and Defendants' time.

## BACKGROUND FACTS

Plaintiff Shanelle N. Horton ("Plaintiff") is a former independent contractor insurance agent appointed by Defendants to sell insurance in the state of Georgia. Plaintiff entered into an Agent Appointment Agreement ("Agreement") with certain Defendants pursuant to which Plaintiff agreed to act as an independent contractor insurance agent for those Defendants in and around Atlanta, Georgia. (Compl., ¶ 54.) Through the Career Agent Program Subsidy Addendum to the Agreement, Plaintiff borrowed money from Defendants to help her start her

1

independent insurance agency. (Compl., Ex. 1). At the time of her termination, Plaintiff owed Defendants $41,474.92 in outstanding subsidy loan.

An audit of Plaintiff's agency in 2016 uncovered a number of violations of Defendants' policies governing issuing insurance coverage and setting up electronic fund transfer payments. Plaintiff set up a number of new accounts using fictitious bank account numbers. As a result, Defendants provided coverage for multiple policyholders but could not obtain the premium owed because Plaintiff had provided a fictitious bank account number. The audit also showed that Plaintiff had issued a policy for her own vehicle using a fictitious bank account number, again without paying the premium due.

On February 3, 2017, Defendants immediately terminated Plaintiff's Agreement. During the meeting at which Plaintiff was informed of her termination, Defendants' representative provided Plaintiff with a termination letter reciting the for cause termination provisions of the Agreement. (Compl., Ex. 1, ¶¶ D.4.a, D.4.d.)

The Agreement provides that upon termination, Defendants would pay Contract Value as calculated under the Agreement. (*Id.* at Ex. H.) However, because Plaintiff was terminated under paragraph D.4.a, she was not entitled to any Contract Value. Paragraph H of the Agreement provides: "Should this Agreement be terminated pursuant to paragraph D.4.a . . ., no Contract Value payment will be made." (*Id.*) Under section 8 of the Career Agent Program Subsidy Loan Addendum, the full amount of the subsidy loan became immediately due.

On February 7, 2017, Plaintiff filed a Class Action Complaint (the "Complaint") alleging that Defendants breached the terms of the Agreement and made defamatory statements in the termination letter provided to her. [Dkt No. 1.] Plaintiff seeks to represent a class of Farmers insurance agents who were wrongfully terminated under Section D.4.a or D.4.d, excluding

insurance agents in California, Florida, Michigan, and Washington.  Plaintiff's Complaint asserts two causes of action: breach of contract and defamation per se.  Plaintiff seeks declaratory and injunctive relief under 28 U.S.C. § 2201, *et seq.* and compensatory, actual, consequential, and punitive damages on behalf of Plaintiff and all others similarly situated.

On June 16, 2017, Defendants filed two letters requesting pre-motion conferences in anticipation of Defendants' partial motion to dismiss and motion to transfer venue.  [Dkt Nos. 28, 29.]  On June 18, 2017, Plaintiff's counsel filed a responsive letter.  [Dkt. No. 39.]

On June 29, 2017, counsel for Plaintiff and Defendants appeared for a conference before the Hon. William H. Pauley III.  At that conference, in response to inquiry from Judge Pauley, Plaintiff's counsel indicated that he was interested in participating in a settlement conference.  Pursuant to the Court's directive at the conference, on July 5, 2017, Defendants advised the Court by letter that they consented to having the case referred to the assigned magistrate judge for a settlement conference.  [Dkt. Nos. 48, 49.]  On that same day, July 5, 2017, Judge Pauley entered an order referring the case to a magistrate judge for the purpose of settlement.  [Dkt. No. 50.]

On July 10, 2017, Max Selver, Law Clerk to the Hon. James C. Francis IV, emailed counsel for the Parties to schedule a settlement conference.  After many emails were exchanged between counsel for the parties and Mr. Selver to schedule the settlement conference, the Parties agreed that October 11, 2017 was a mutually convenient date and Mr. Selver calendared the conference for that morning.  On October 6, 2017, Defendants submitted a confidential pre-mediation statement to Judge Francis in anticipation of the October 11, 2017 settlement conference.

On October 11, 2017, both undersigned counsel and Anne Wright, Corporate Counsel for Farmers Group, Inc., appeared for the settlement conference before Judge Francis.  Undersigned counsel Randall A. Hack traveled from Chicago, Illinois and Anne Wright traveled from California

3

to attend the conference. Undersigned counsel Samantha Ingram, who is local to New York City, also attended the conference. Neither Plaintiff nor her counsel appeared for the scheduled settlement conference.

After the Hon. James C. Francis IV retired, this case was reassigned to the Hon. Robert W. Lehrburger for settlement. On November 9, 2017, Judge Lehrburger held a telephone conference with counsel for the Parties and proposed dates for another settlement conference. The Parties requested that the conference be scheduled for December 6, 2017.

Abruptly, on November 30, 2017, less than one week before the scheduled settlement conference, Plaintiff filed a notice withdrawing her request for a judicial settlement conference. [Dkt. No. 51.] Shortly after Plaintiff's filing, on November 30, 2017, Rupa Shah, Courtroom Deputy to the Hon. Robert W. Lehrburger, emailed counsel for Plaintiff and Defendants and asked them to call the Court that same afternoon. As directed, counsel for the Parties participated in a phone conference with the Court and Judge Lehrburger directed Plaintiff's counsel to advise the Court as to whether Plaintiff wished to proceed with the December 6th settlement conference by the end of the day. On the evening of November 30, 2017, Plaintiff's counsel submitted a letter to the Court confirming that Plaintiff did not wish to proceed with the scheduled conference.

On December 1, 2017, Judge Lehrburger entered an order commemorating Plaintiff's withdrawal of her request for a settlement conference. [Dkt. No. 52.] The Order also gave Plaintiff one more chance to proceed with the December 6th settlement conference by permitting Plaintiff to request that she be able to participate in the conference by phone, as long as she submitted the request by midnight on December 1st, but Plaintiff did not do so. [*Id.*] Notably, Judge Lehrburger's Order also stated that, as noted during the November 30, 2017 telephone call with counsel, if Plaintiff did not follow through with the settlement conference, "the Court would entertain a motion

4

for fees and costs incurred in connection with this series of events or with prior events in which time and money were expended for proceedings that the Plaintiff unilaterally cancelled, or did not attend as otherwise directed." [*Id.*]

## **ARGUMENT**

Sanctioning Plaintiff by awarding Defendants the costs and fees expended in preparing for and attending the October 11, 2017 settlement conference, at which neither Plaintiff nor her counsel appeared, is appropriate. Under Federal Rule of Civil Procedure 16(f), a court may enter an order sanctioning a party or her attorney for failing to appear at a court conference. Fed. R. Civ. P. 16(f)(1)(A). Rule 16(f) also provides that, "Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule…." Fed. R. Civ. P. 16(f)(2).

"In accordance with Rule 16, Courts frequently impose sanctions for an attorney's failure to appear for a scheduled conference." *Supe v. Canon USA*, No. CV 11-3827 ADS AKT, 2012 WL 1898936, at *1 (E.D.N.Y. May 24, 2012) (collecting cases). And in cases like this one where a party fails to attend a scheduled settlement conference, courts in this district have imposed monetary sanctions. *See*, *e.g.*, *Bouveng v. NYG Capital LLC*, No. 14CV5474PGGJLC, 2017 WL 6210853, at *6 (S.D.N.Y. Dec. 7, 2017) (ordering plaintiff to pay monetary sanctions to cover defense counsel's fees for preparation and attendance at a settlement conference at which plaintiff failed to appear); *Mordechai v. St. Luke's–Roosevelt Hospital Center*, No. 99–CV–3000, 2001 WL 699062, at *2 (S.D.N.Y. June 20, 2001) (ordering plaintiff to pay a monetary penalty to both opposing counsel and the Clerk of the Court for failing to attend a settlement conference); *Sosinsky v. Chase Manhattan Bank*, No. 99–CV–43, 1999 WL 675999, at *2 (S.D.N.Y. Aug. 31, 1999) (finding it reasonable to impose a monetary sanction on both parties and their counsel for failure to appear at a settlement conference). "Although a court may not require litigants to settle an action, it is well-established that

5

a court may require parties to appear for a settlement conference, and that it is entirely appropriate for a court to impose sanctions pursuant to Rule 16(f) if a party fails to do so." *Mordechai*, 2001 WL 699062, at *2.

Defendants respectfully request that the Court award them $14,893.69 to cover the costs and fees that both undersigned counsel and Defendants' client representative, Anne Wright, expended in a brief, two-day period from October 10-11, 2017 while preparing for and attending the scheduled settlement conference.[1] A detailed breakdown of Defendants' costs and fees is provided in the accompanying Declarations of Randall A. Hack and Anne Wright. Here, as in *Supe*, "Defendants lost time and money associated with preparing for and traveling to the [settlement] conference that was canceled due to [Plaintiff's] non-appearance." *Supe*, 2012 WL 1898936, at *3. Furthermore, Plaintiff's counsel was "well aware" that Defendants' lead counsel, Randall A. Hack, is located in Chicago, Illinois and that he previously traveled from Chicago to appear at the June 29, 2017 conference before the Hon. William H. Pauley III and would have to make the same trip to New York for the October 11, 2017 settlement conference. *See Supe*, 2012 WL 1898936, at *3. Plaintiff should therefore be sanctioned to compensate Defendants for the time and money they spent preparing for and attending the October 11, 2017 settlement conference.

---

[1] The total amount of costs and fees requested by Defendants also includes a small amount to cover Ms. Wright's costs in reserving a flight and hotel for the December 6, 2017 settlement conference, which Plaintiff cancelled less than a week beforehand. Although Ms. Wright was able to cancel her flight and hotel for the December settlement conference, she was still charged $29.50 in connection with these reservations.

6

## **CONCLUSION**

For the reasons stated above, the Court should grant Defendants' motion for costs and fees.

Dated: New York, New York
       December 15, 2017

LOCKE LORD LLP

*/s/ Randall A. Hack*
Randall A. Hack
111 South Wacker Drive
Chicago, Illinois 60606
312-443-0700
rhack@lockelord.com

Samantha Ingram
Brookfield Place
200 Vesey Street, 20th Floor
New York, NY 10281
212-415-8600
singram@lockelord.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I, SAMANTHA INGRAM, an attorney, hereby certify that on the 15th day of December, 2017, a true and correct copy of the foregoing *MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR COSTS AND FEES* was served via ECF on all parties entitled to notice.

                                        */s/ Samantha Ingram*
                                        Samantha Ingram